**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 05-4547**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STEFAN DELAINE DAVIS,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-04-375)

─────────────

Submitted: April 11, 2006          Decided: April 27, 2006

─────────────

Before WILKINS, Chief Judge, and MICHAEL and KING, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Louis C. Allen, III, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Stefan Delaine Davis appeals from his multiple convictions in the Middle District of North Carolina on controlled substances and firearms offenses. Davis contends that the district court committed reversible error when, by its written order, it denied his motion to suppress evidence obtained by law enforcement officers as the result of a motor vehicle search. United States v. Davis, No. CR-04-375 (M.D.N.C. Feb. 7, 2005) (the "Order"). As explained below, the court did not err in its suppression ruling and we affirm.


I.

In the afternoon of April 14, 2004, Officers Richard Alston and Ylonda Isom (formerly Ylonda Cooke) of the Greensboro (North Carolina) Police Department pulled their cruiser behind a black Camaro on McConnell Road in Greensboro and observed that neither the driver, later identified as defendant Davis, nor the passenger, a Mr. Columbel, were wearing seatbelts.[1] After the officers activated their blue lights, the Camaro slowed and the officers observed Davis reach towards the passenger side of the front seat. The Camaro thereafter came to a full stop.

_____

[1]The factual background relevant to the suppression issue, as spelled out herein, is drawn from the record made at the district court's December 8, 2004 evidentiary hearing, and also from the court's Order of February 7, 2005.

- 2 -

Officers Alston and Isom parked behind Davis and Columbel, exited their police cruiser, and approached the Camaro. As Isom spoke with Davis, Alston attempted to talk with Columbel. Alston observed that Columbel's eyes were "glassy and red" and that he had a "dazed" look. Columbel was also slow in responding to Alston's questions and ignored two requests for identification. When Alston asked if Columbel had been "smoking narcotics," Columbel acknowledged that he had been smoking marijuana.

Officer Isom then asked Davis if he would consent to a search of the motor vehicle. Davis refused to consent to Isom's request and, at about the same time, Officer Alston instructed Columbel to exit the Camaro. As Columbel exited the automobile, Alston observed what appeared to his experienced eye to be a marijuana seed on the car's rear floorboard and a small marijuana leaf in the doorjamb of the vehicle. Alston then reached into the Camaro, retrieved the seed and the leaf, and determined, upon closer inspection, that they were in fact marijuana.

Officers Isom and Alston promptly placed Davis and Columbel in handcuffs, and a search of Davis's person resulted in the seizure of approximately $1000 cash. The officers instructed Davis and Columbel to sit on the curb and proceeded to conduct a vehicle search. In searching the Camaro for drugs, Alston discovered, in the center console, a silver pistol magazine loaded with .380 caliber rounds. When Alston asked Davis where the handgun for the

magazine was located, Davis responded that there was no firearm in the car.

At Officer Alston's request, a canine handler and drug-detecting dog were then brought to the search scene. Although the dog did not alert on the exterior of the vehicle, it went inside the Camaro and immediately alerted to the glove compartment. A subsequent search of the Camaro's glove compartment uncovered a silver .380 caliber semiautomatic pistol and a bag containing cocaine.

Davis and Columbel were arrested and transported to the Greensboro Police Department's headquarters, where they were further searched. A search of Davis's person uncovered 8.3 grams of cocaine base ("crack cocaine") hidden in his crotch. Agents of the Federal Bureau of Investigation (the "FBI") then advised Davis of his Miranda rights (which he waived) and proceeded to interview him. During the interview, Davis indicated that, upon seeing the blue lights of the police cruiser behind his vehicle, he had stuffed the crack cocaine into his pants and reached over to the passenger side to push the handgun further into the glove compartment. Davis advised the FBI agents that he did not want the police officers at the scene to search the vehicle because he feared they would find the loaded magazine and the handgun, and he knew that, as a convicted felon, he was prohibited from possessing the magazine or the handgun.

- 4 -

On September 27, 2004, a grand jury in the Middle District of North Carolina indicted Davis on four counts of federal firearms and controlled substances offenses. On November 1, 2004, Davis entered a plea of not guilty and, on November 8, 2004, he filed a motion to suppress the evidence obtained as a result of the motor vehicle search, including the crack cocaine seized at the police station and the statements he had made to the FBI agents. After conducting an evidentiary hearing on December 8, 2004, the court denied Davis's motion to suppress by the Order of February 7, 2005. In the Order, the court carefully considered the evidentiary presentation, and made the following findings and conclusions:

> The court finds that probable cause existed for the search of the vehicle. The investigating officers found one of the occupants under the influence of marijuana. Upon directing the passenger to remove himself from the vehicle, the officer saw, what appeared from his experience, to be a marijuana seed and marijuana leaf in close proximity to the passenger. This substantial probable cause is bolstered by the actions of the Defendant's driving when the officers were attempting to stop him. Based on what the officers observed and their experience in drug interdiction, the officers reasonably believed the Defendant was attempting to hide his contraband as they followed him. Based on the totality of the circumstances, the officers had an abundance of probable cause to search the vehicle. Defendant also contends that when the canine was put into action, his failure to discover drugs on the outside of the vehicle prohibited the use of the canine inside the car. The court cannot accept this theory. Once probable cause existed, the search could continue until the officers completed their investigation.

Order at 5-6.

- 5 -

Davis thereafter entered conditional pleas of guilty to each count of the four-count indictment, pursuant to a written plea agreement, reserving his right to appeal the district court's suppression ruling. On April 29, 2005, the court sentenced Davis to 152 months of imprisonment. Davis has timely noted this appeal, and we possess jurisdiction pursuant to 28 U.S.C § 1291.

II.

In reviewing a district court's denial of a motion to suppress evidence, we review the court's factual findings for clear error only. United States v. Simons, 206 F.3d 392, 396 (4th Cir. 2000). A district court's legal conclusions in connection with such a ruling are reviewed by us de novo. Id.

III.

Davis's appeal is limited to his challenge to the legality of his four convictions, and he maintains that they must be vacated because the district court erred in its denial of his motion to suppress. By that motion, Davis asserted that the search of the Camaro he was driving on April 14, 2004, was not supported by probable cause, in contravention of his Fourth Amendment rights. He maintained in the district court, and contends again on appeal, that the evidence seized from the vehicle and from his person, as

- 6 -

well as the statements he made to the FBI agents, must be suppressed.

The Supreme Court has long recognized that police officers may search an automobile without a warrant if they possess probable cause to believe that the vehicle is transporting contraband. See Carroll v. United States, 267 U.S. 132, 135 (1925); see also United States v. Ross, 456 U.S. 798, 798 (1982). And in this case, Officers Alston and Isom possessed probable cause before the contested search to believe that the Camaro contained controlled substances. Officer Alston, upon pulling the police cruiser behind the vehicle on the streets of Greensboro and activating his blue lights, observed Davis reach toward the glove compartment. After the Camaro was stopped, Columbel failed to respond to two of Alston's requests for identification. When he finally responded, Alston observed that Columbel's eyes were "glassy and red" and that he had a "dazed" look. After Alston asked him if had been "smoking narcotics," Columbel admitted that he had been smoking marijuana. As Columbel exited the vehicle, Officer Alston, based on his training and experience, recognized a marijuana seed and marijuana leaf. These circumstances were more than sufficient to "warrant a man of reasonable caution in the belief" that criminal activity was afoot. California v. Carney 471 U.S. 386, 392 (1985).

Davis also maintains on appeal that the seizure of the marijuana seed and leaf from the Camaro was not justified by the

plain-view doctrine. And he contends that the statements he made to the FBI agents at the police station were the result of an unconstitutional motor vehicle search and thus should be suppressed as the fruit of the poisonous tree. Because the officers possessed probable cause, however, based on the totality of the circumstances, to conduct the challenged motor vehicle search and related seizures, it is irrelevant whether the seizure of the marijuana was justified under the plain-view doctrine. Furthermore, because the motor vehicle search was properly conducted, Davis's fruit of the poisonous tree argument must also fail.

On these facts, the officers possessed probable cause to search the Camaro and, after arresting Davis, they were entitled, as the district court observed, to continue their search "until [they] had completed their investigation." Order at 6. The district court therefore did not err — either factually or legally — in its denial of Davis's suppression motion.

IV.

Pursuant to the foregoing, we reject Davis's challenge to the district court's suppression ruling and affirm his convictions.[2]

AFFIRMED

---

[2]We are content to dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid in the decisional process.